HORACE MANN INSURANCE COMPANY

V.

GOVERNMENT EMPLOYEES INSURANCE COMPANY

Record No. 830432

June 13, 1986

Present: Carrico, C.J., Cochran, Compton, Stephenson, Russell, and Thomas, JJ., and Gordon, Retired Justice.

*John B. Crandley (Preston, Wilson & Candley*, on briefs), for appellant.

*Alan B. Rashkind (Furniss, Davis and Rashkind*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Horace Mann Insurance Company (Horace Mann) brought this action to recover $15,000 from Government Employees Insurance Company (Geico), alleging Geico's breach of an agreement to contribute toward the settlement of two wrongful death claims. Geico denied the existence of an agreement and raised the defenses of bad faith, lack of consideration, absence of damages, and statute of frauds. A jury returned a verdict in favor of Horace Mann and assessed damages at $15,000. The trial court set aside

the jury verdict and entered judgment for Geico. Horace Mann assigned error to the trial court's ruling, and Geico assigned cross-error to the court's jury instruction on the standard of proof necessary to establish the existence of the agreement.

An automobile driven by a permissive user was involved in an accident which resulted in the death of two pedestrians. Horace Mann insured the automobile and driver under an owner's liability insurance policy, and Geico insured the operator under a separate policy. The insurers agree that Horace Mann's coverage was primary and that Geico's was secondary, covering the loss in excess of Horace Mann's policy limits. Both policies contained coverage of $50,000 per claimant and $100,000 per occurrence.

Approximately two weeks after the accident, the decedents' personal representatives brought separate actions against the operator, seeking damages of $500,000 and $300,000, respectively. The claims adjusters for Horace Mann and Geico recognized that the two claims had a potential compensatory damage recovery "value" in excess of both insurers' coverage limits. Because Horace Mann was the primary insurer, it had the duty to defend the operator or negotiate a settlement with the claimants. Geico concedes that Horace Mann had authority to negotiate a settlement on Geico's behalf. All dealings between the insurers were through Horace Mann's claims adjuster, Lesli Johnson, and Geico's claims adjuster, John Trounson. Approximately six weeks after the accident, Johnson contacted Trounson and advised him of Horace Mann's coverage limits and of its intention to settle the claims. Trounson agreed that, in the event Horace Mann obtained a settlement, Geico would contribute a total of $15,000. Thereupon, Johnson stated she would attempt to settle each claim for $50,000, and that if such settlements were obtained, Geico would contribute $7,500 for each claim.

Shortly thereafter, Johnson negotiated a $50,000 settlement with each of the claimants. Horace Mann forwarded to the attorneys for the claimants drafts in the sum of $42,500 each. Johnson informed Trounson of the settlements and stated that Geico owed $7,500 to each claimant. Trounson responded that the settlement was "fine." Geico, however, subsequently refused to pay the claimants. In order to preserve the settlements, therefore, Horace Mann paid the additional sum of $7,500 owing to each claimant.

As a result of Horace Mann's efforts, the automobile operator was released from liability. In addition, Horace Mann and Geico

were released from further obligation under their respective policies. Horace Mann obtained these results within three months of the accident, thereby avoiding the expense of protracted litigation.

At trial, the jury found that Geico had entered into a contract with Horace Mann agreeing to contribute $15,000 toward the settlements. Nevertheless, the trial court set aside the jury verdict, finding that Horace Mann had not dealt in good faith with Geico. The court relied primarily upon *Aetna v. Price*, 206 Va. 749, 146 S.E.2d 220 (1966), which established the rule that an insurer owes a duty to its insured to exercise good faith in deciding whether to accept a settlement offer. Bad faith may arise when an insurer unjustifiably refuses to settle a claim within the insurer's coverage limits, thereby exposing its insured to liability in excess of the policy limits. *See id.* at 761-62, 146 S.E.2d at 228. Relying upon foreign authority, the trial court extended *Aetna* "to allow an excess underwriter to maintain an action against a primary underwriter for wrongful failure to settle a claim against their insured."

Assuming, without deciding, that *Aetna* applies in a primary-secondary insurer situation, the rule established in *Aetna* has no application to the facts in the present case. Here, both insurers appreciated fully the very real possibility that liability arising out of the accident would exceed both insurers' policy limits. Although Horace Mann was more vulnerable as primary insurer, Geico, aware of all the facts, agreed to contribute to Horace Mann's $50,000 settlement proposal. Geico made an informed business judgment in an area where it had as much expertise as Horace Mann. Indeed, Geico's decision to cooperate with Horace Mann may have protected Geico against liability to the maximum amount of its insurance coverage.

No evidence in the record suggests that Horace Mann acted in bad faith or otherwise dealt unfairly with Geico. We hold, therefore, that the trial court erred in ruling that Horace Mann acted in bad faith in its dealings with Geico.

Geico next contends that its agreement to contribute to the settlement fails for lack of consideration because the actual settlement did not exceed Horace Mann's coverage limits. We reject this contention.

A benefit to a promisor can constitute valuable consideration. *White* v. *Alleghany Mountain Corp.*, 159 Va. 394, 401-02, 165 S.E. 505, 507 (1932). In addition, parties to a contract are at

liberty to determine their own valuations, and courts generally will not inquire into the adequacy of consideration. The mere fact that one party rues the bargain he struck does not excuse his performance. *Jessee* v. *Smith*, 222 Va. 15, 18, 278 S.E.2d 793, 795 (1981). "Courts cannot relieve one of the consequences of a contract merely because it was unwise." *Owens* v. *Owens*, 196 Va. 966, 974, 86 S.E.2d 181, 186 (1955).

When the agreement was made, both parties were defending two claims with large potential damages. Settlement of these claims at an early stage of the litigation not only foreclosed the potential for large recoveries, but saved both insurers additional attorneys fees and other expenses of protracted litigation. Clearly, the settlement was beneficial to Geico as well as to Horace Mann, and this benefit constituted valuable consideration.

■ Geico next asserts that Horace Mann sustained no damages because the settlement did not exceed Horace Mann's exposure under its policy coverage limits. We reject this assertion. Having agreed to contribute $15,000 toward the settlements, Geico was obligated to pay that sum when Horace Mann obtained a settlement of the claims and a release of both insurers' liability. When Horace Mann obtained such a settlement and Geico refused to contribute, Horace Mann was forced to pay the additional $15,000 in order to preserve the mutually beneficial settlement. This sum, therefore, constitutes Horace Mann's damages.

■ Geico next contends that the Statute of Frauds bars Horace Mann's recovery. Code § 11-2(4) provides that no action may be brought on a party's "promise to answer for the debt . . . of another" unless the promise is in writing and signed by the party to be charged. When the agreement was made, however, Horace Mann was not indebted to the claimants; only the potential of a debt existed. Clearly, Geico was not promising to answer for a debt owed by Horace Mann. The Statute of Frauds, therefore, does not apply.

■ By assignment of cross-error, Geico contends that the trial court erred in instructing the jury that Horace Mann had the burden of proving the existence of the agreement by a mere preponderance of the evidence. Geico argues that a secondary insurer's oral agreement to contribute toward the settlement of a claim is analogous to an oral contract to provide insurance, and therefore must be proved by clear and convincing evidence. *See Walker Agcy. & Aetna Cas. Co.* v. *Lucas*, 215 Va. 535, 211 S.E.2d 88

(1975). Specifically, Geico argues that the effect of its alleged agreement to contribute was "to rewrite the two policies of insurance . . . so as to provide that the limits of the Horace Mann policy [were] not $50,000.00/$100,000.00, but rather $42,500.00/$85,000.00." We reject this argument.

Geico agreed to contribute $15,000 toward a settlement of the claims to protect itself against exposure to a potentially large damage award. Clearly, this is not the equivalent of an oral contract to provide insurance. Therefore, the trial court correctly instructed the jury that Horace Mann's burden of proof was by a preponderance of the evidence.

■ Because the trial court erred in setting aside the jury verdict, we will reverse that judgment, reinstate the jury's verdict, and enter final judgment in favor of Horace Mann in the amount of $15,000.

*Reversed and final judgment.*