Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Kinser, JJ., and Poff, Senior Justice

JOHN D. WARNER, JR., ET AL.

OPINION BY
v.  Record No. 970243     CHIEF JUSTICE HARRY L. CARRICO
October 31, 1997
LEWIS H. CLEMENTSON

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

The question for decision in this case is whether a trustee under a deed of trust owes a fiduciary duty to the guarantors of the debt secured by the deed of trust. The question stems from the filing on July 2, 1996, of an amended bill of complaint by John D. Warner, Jr., and Mary T. Warner (the Warners) against Lewis H. Clementson (Clementson) and several other defendants.

In Count II of the amended bill, the Warners alleged that Clementson owed them a fiduciary duty in the handling of a foreclosure sale he conducted as substitute trustee and that he had breached that duty in several respects. The trial court sustained demurrers filed by Clemenston and the other defendants and dismissed the amended bill of complaint. We awarded the Warners an appeal limited to the question whether the court erred in sustaining Clementson's demurrer with respect to Count II of the amended bill of complaint.[1]

"'A demurrer admits the truth of all material facts properly

_____

[1]In addition to Lewis H. Clementson, the defendants in the case were The Money Store Investment Corporation, Fox Two Acquisitions, L.C., and Sorry Sara's, Ltd. Because this appeal is limited to consideration of Count II of the amended bill of complaint and that count involves only Clementson, the other defendants are not before the Court.

pleaded.  Under this rule, the facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged.'"  CaterCorp., Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993) (quoting Rosillo v. Winters, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988)).

In their amended bill of complaint, the Warners alleged the following set of facts.  Sorry Sara's, Ltd. (Sorry Sara's) is the record owner of certain real property located at 13 E. Queens Way in the City of Hampton.  John D. Warner, Jr., owns 45% of the issued and outstanding shares of the corporation's stock.  The property has been used since 1993 for the operation of a restaurant.

On June 23, 1994, Sorry Sara's executed a promissory note in the principal amount of $327,000 and also executed a deed of trust on the Queens Way property to secure the note.  At all relevant times, The Money Store Investment Corporation (the Money Store) has been the holder of the note.

Also on June 23, 1994, the Warners executed an instrument guaranteeing payment of Sorry Sara's' obligations under the note.  To secure payment of their obligations under the guaranty agreement, the Warners executed a deed of trust encumbering certain property they owned in North Carolina.  This deed of trust was recorded among the land records of Dare County, North Carolina.

By letter dated September 15, 1995, the Money Store advised the Warners that the note was in default and that the default

began in January 1995.  The Money Store appointed Clementson, a Richmond attorney, as substitute trustee under the deed of trust executed by Sorry Sara's, and he scheduled a foreclosure sale for February 14, 1996.  However, this sale was canceled, and Clementson rescheduled the sale for April 18, 1996.  At an auction held on that date, the property was sold to Fox Two Acquisitions, L.C. for $177,000.  The property had been appraised in 1994 as having a value of $525,000, with $450,000 attributable to the realty, provided certain renovations were made, and $75,000 attributable to furniture, fixtures, and equipment.

The Warners alleged in their amended bill of complaint that the auction resulted in a commercially unreasonable bid price and that its acceptance by Clementson and the Money Store was improper.  Addressing Clementson specifically, the Warners alleged in Count II that he had breached the fiduciary duty he owed them by failing to secure the property and the furniture, fixtures, and equipment "contained within and/or existing as a part" of the property; to determine, compromise, and settle the liens on the furniture, fixtures, and equipment; and to sell the furniture, fixtures, and equipment as part of the foreclosure sale.

The Warners also alleged that Clementson violated his fiduciary duty by stating during the foreclosure sale that the Money Store had a pre-determined bid figure and that he would "advise all present when that figure was reached, which he proceeded in fact to do."  Finally, the Warners alleged that Clementson had participated, both as counsel to the Money Store

and as substitute trustee, in the Money Store's decision concerning the amount to be bid at the foreclosure sale and that this conduct violated Code § 26-58.[2] The Warners prayed that they be granted judgment against Clementson "in an amount to be shown at trial, but at a minimum for any deficiency obligations that the [Warners] may have under the Note and the Guarantee."

On appeal, the Warners contend that the allegations of their amended bill of complaint state an actionable claim against Clementson for breach of fiduciary duty and that the trial court erred, therefore, in sustaining Clementson's demurrer. The Warners argue that, as substitute trustee, Clementson owed them, as guarantors, a fiduciary duty to obtain the best possible price for the property at the foreclosure sale, that he breached this duty, and that they have been damaged by his conduct.

For the purposes of this discussion, we will assume, without deciding, that the Warners, as guarantors, have standing to complain about Clementson's alleged misconduct as trustee. As the case is presented to us, however, the Warners are entitled to recover for Clementson's alleged misconduct only if such shortcomings violated some duty of a fiduciary nature that he owed to the Warners. The dispositive question, therefore, is whether Clementson owed a fiduciary duty to the Warners in the

_____

[2]Code § 26-58 provides in part that a foreclosure sale by a trustee under a deed of trust securing a debt owed to a corporation is not rendered voidable because of the "mere fact" that the trustee is counsel to the corporation "so long as he did not participate in the corporation's decision as to the amount to be bid at the sale of the trust property."

first place.

The Warners have not cited a single decision of this or any other court on the question whether a trustee under a deed of trust owes a fiduciary duty to a guarantor of the debt secured by the deed of trust.[3]  Our own research discloses that only one court has recognized that a guarantor is owed a fiduciary duty in a credit transaction.  First NH Mortg. Corp. v. Greene, 653 A.2d 1076, 1078 (N.H. 1995); Numerica Sav. Bank v. Mountain Lodge Inn Corp., 596 A.2d 131, 134 (N.H. 1991).  However, in those cases, the fiduciary duty was imposed upon a mortgagee under a mortgage instrument rather than upon a trustee under a deed of trust.[4]  Even then, the New Hampshire court indicated that a breach of the

---

[3]The Warners cite a number of this Court's prior decisions wherein we set aside foreclosure sales for trustee misconduct, but all are inapposite.  The first three cases involve claims by debtors, not guarantors, against trustees.  Smith v. Credico Indus. Loan Co., 234 Va. 514, 362 S.E.2d 735 (1987) (substitute co-trustee under deed of trust, although not acting as trustee at foreclosure sale, bid on property for another); Whitlow v. Mountain Trust Bank, 215 Va. 149, 207 S.E.2d 837 (1974) (trustee conducting foreclosure sale was owner of stock in and officer of corporation that purchased property; trustee notified representative of the corporation that sale would be held; sale made at price advantageous to corporation); Smith v. Miller, 98 Va. 535, 37 S.E. 10 (1900) (one of trustees conducting foreclosure sale purchased property for himself).  The Warners also cite Patterson v. Old Dominion Trust Co., 139 Va. 246, 123 S.E. 549 (1924), and Patterson v. Old Dominion Trust Co., 149 Va. 597, 140 S.E. 810 (1927), but both cases involved the duties of a testamentary trustee.

[4]We need not decide whether the duties of a trustee differ from the duties of a mortgagee, but we would point out that a mortgagee is both the creditor and the holder of legal title to the property mortgaged while a trustee is the holder of legal title only and the creditor is someone else, so differing duties might result from the different relationships.

fiduciary duty owed by a mortgagee to a guarantor may be used for defensive purposes only. Numerica, 596 A.2d at 134. Here, the Warners seek to use Clementson's alleged breach of fiduciary duty alternatively as the basis for a cause of action.

Other out-of-state decisions are contrary to the views expressed in the New Hampshire cases. One court has held that ordinarily a mortgagee under a mortgage instrument owes no duty of a fiduciary nature to a guarantor, but the court indicated that, "under certain circumstances," i.e., when there is evidence of a confidential relationship between a guarantor and a lender, a fiduciary duty may arise. United States ex rel. Small Bus. Admin. v. Edwards, 765 F. Supp. 1215, 1221 (M.D. Pa. 1991). Here, Clementson is a trustee, not a lender, and, in any event, the allegations of the Warners' amended bill of complaint do not support the existence of a confidential relationship between the Warners, as guarantors, and Clementson, as trustee.

Additionally, in a related line of cases, the courts have held that a bank owes no duty of a fiduciary nature to a guarantor. Manufacturers Hanover Trust Co. v. Yanakas, 7 F.3d 310, 318 (2d Cir. 1993); Village on Canon v. Bankers Trust Co., 920 F. Supp. 520, 532 (S.D.N.Y. 1996); Farmer City State Bank v. Guingrich, 487 N.E.2d 758, 763 (Ill. App. Ct. 1985); Bank Leumi Trust Co. v. Block 3102 Corp., 580 N.Y.S.2d 299, 301 (App. Div. 1992); Miller v. U.S. Bank of Washington, 865 P.2d 536, 543 (Wash. Ct. App. 1994).

In our opinion, the better rule is that no fiduciary duty is owed to a guarantor by a trustee under a deed of trust. "The

powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, are limited and defined by the instrument under which he acts." Powell v. Adams, 179 Va. 170, 174, 18 S.E.2d 261, 262-63 (1942). Nothing in the allegations of the Warners' amended bill of complaint suggests that the deed of trust executed by Sorry Sara's in this case imposed any duty upon the trustee with respect to putative guarantors.

Moreover, a guarantor is ordinarily not a party to a deed of trust, and often a trustee does not know whether a guarantor even exists. To hold that a trustee owes a fiduciary duty to a guarantor might impose upon the trustee, under penalty of an award of damages, the obligation to inquire into whether a guarantor exists, who he or she might be, and where he or she might be found. Such a duty would be overly burdensome for trustees as well as disruptive of credit transactions in this Commonwealth.

We hold that the trial court did not err in sustaining Clementson's demurrer to Count II of the Warners' amended bill of complaint and in dismissing the amended bill. Accordingly, we will affirm the judgment appealed from.

Affirmed.