## CIRCUIT COURT OF NELSON COUNTY

Bengie M. Hair

v.

Bank of New York Mellon et al.

September 14, 2010

Case No. CL10000126-00

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the respective demurrers of The Bank of New York Mellon ("BONY"), Vericrest Financial, Inc. ("Vericrest"), and Equity Trustees, L.L.C. ("Equity"). I will begin with the demurrer of BONY.

*Count One*

In Count One, the plaintiff seeks recovery for breach of contract. Therein, plaintiff asserts that it did not receive the pre-acceleration notice required by the deed of trust. Further, the plaintiff alleges that he did not receive notice of acceleration of the debt and notice of the foreclosure sale.·

BONY argues that the prior noteholder and Vericrest did, in fact, provide a pre-acceleration notice to plaintiff. BONY attached as Exhibit 1 a copy of a pre-acceleration notice dated January 9, 2009, sent by CIT.

First, the court must overrule the demurrer on this ground because the court cannot consider the alleged pre-acceleration notice dated January 9, 2009, that was not made a part of the complaint. In considering a demurrer, the trial court is limited to a review of the complaint and its attachments to determine whether sufficient facts have been pleaded to state a cause of action. *TC Mid-Atlantic Dev., Inc. v. Commonwealth*, 280 Va. 204, 210-12, 695 S.E.2d 543, 547-48 (2010). Further, even if the court could

consider the attachment to the demurrer filed by BONY, the demurrer on this ground must be overruled. There is still an issue of whether the pre-acceleration notice was sent to the appropriate address. The attachments to the complaint show at least three different addresses for the plaintiff, including the address of "P. O. Box 21706, Charleston, S.C. 29413" with an asterisk, on the verification sheet in the initial loan documents.

Next, as noted above, BONY asserts that the claims for breach of contract on the basis of failure to give notice of acceleration and notice of sale should also be dismissed. While BONY is correct that Va. Code § 55-59.1 provides that notice of sale is also notice of acceleration and that the notice must only be sent to the last known address, the demurrer on this ground must still be overruled. Again, the issue is whether the notice was sent to the correct address in view of the fact that three different addresses were known to the various noteholders and that the verification sheet had the South Carolina address noted above.

Accordingly, the court overrules entirely the demurrer of BONY based upon breach of contract.

### Count Three and Count Four

The caption of Count Three alleges constructive fraud by Vericrest. The caption of Count Four alleges constructive fraud against BONY based on an agency relationship with Vericrest. BONY is correct in noting that the text of Count Three and Count Four alleges actual fraud rather than constructive fraud. Accordingly, the demurrer is sustained as to both Count Three and Count Four. The plaintiff is granted twenty-one days after entry of the order to file an amended Count Three and Count Four that contains allegations that match the caption of the count.

### Count Five

In Count Five, the plaintiff alleges that BONY is liable for conversion based upon the acts of one or more of its agents. In its demurrer, BONY asserts that no facts have been alleged establishing any type of agency. The court agrees with this analysis.

The Supreme Court has held that a court is not committed to enter a decree based upon facts not alleged and pleaded. *Hensley v. Dreyer*, 247 Va. 25, 30, 439 S.E.2d 272, 275 (1994). Further, a litigant is entitled to be told by his adversary, "in plain and explicit language the ground of the complaint." *Jenkins v. Bay House Assocs., L.C.*, 266 Va. 39, 43-44, 581 S.E.2d 510, 512 (2003).

In Count Five of the complaint, the plaintiff fails to state the agent of BONY that committed the conversion. While it is noted that allegations of agency are made in paragraphs 26, 27, and 28 of the complaint, there is no

statement in Count Five as to which agent of BONY wrongfully converted the property. Accordingly, the demurrer is sustained, and the plaintiff is granted twenty-one days after the entry of the order sustaining the demurrer to file an amended pleading.

I will now address the demurrer to the claim against Vericrest for constructive fraud. In Count Three of the complaint, the plaintiff alleges that Vericrest committed constructive fraud. However, the allegations support an action for actual fraud rather than constructive fraud. Accordingly, the demurrer is sustained as to Vericrest, and the plaintiff is granted leave to file an amended pleading within twenty-one days after the entry of the order granting the demurrer to file an amended pleading with allegations that match the caption of the count.

Next, I will rule on the demurrer of Equity. Among other things, in its demurrer, Equity alleges that the plaintiff has failed to assert a cause of action for breach of contract against Equity. As noted above with respect to the demurrer to the breach of contract claim by BONY, the court finds that there has been a sufficient allegation of breach of contract by the plaintiff against Equity. As noted by Equity, Va. Code § 55-59.1 only requires a mailing of a copy of the notice of sale. However, in this case, the issue is whether or not the notice was sent to the proper address. This was discussed above with reference to BONY. Accordingly, this is a factual issue.

Equity further notes that Va. Code § 55-59.1 provides that "inadvertent failure" to give notice shall not impose liability on either the trustee or the secured party. However, the question of whether the failure to give notice was "inadvertent" is a factual issue.

Accordingly, the demurrer to the claim for breach of contract against Equity under Count Two is overruled.

Equity further asserts a demurrer to the allegations in Count Two that Equity was required under the deed of trust "to act toward the plaintiff with perfect fairness and impartiality." While Equity is correct in stating that the powers and duties of a trustee in a deed of trust are limited and defined by instrument, Equity is incorrect in maintaining that the trustee is not required to act toward the plaintiff with "perfect fairness and impartiality." See *Warner v. Clementson*, 254 Va. 356, 361, 492 S.E.2d 655 (1997). The Supreme Court has specifically held that incumbent upon the trustee to act toward both the debtor and creditor with perfect fairness and impartiality. *Powell v. Adams*, 179 Va. 170, 174, 18 S.E.2d 261, 263 (1942). Accordingly, the demurrer of Equity is overruled.

The plaintiff requests sanctions against Equity for filing a plea in bar. This request is overruled. The basis for the plea in bar of Equity is the documents that Equity attached to its demurrer. While these documents could not be considered by the court at this time, at the appropriate time, they could be considered in conjunction with a motion to dismiss. Thus, Equity has not filed the plea in bar in bad faith.

The motion of the plaintiff to file an amended complaint against Vericrest is granted. The amended complaint must be filed within twenty-one days after the entry of the order that implements the terms of this letter. Any responsive pleadings of the defendants must be filed within twenty-one days after the filing of the amended complaint of the complaint.