**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-1214**

---

ROGER JALDIN; JANET JALDIN,

           Plaintiffs - Appellants,

     v.

RECONTRUST COMPANY, N.A.; BANK OF AMERICA, N.A.; JOHN DOE,

           Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:12-cv-01117-AJT-JFA)

---

Submitted: August 13, 2013        Decided: August 29, 2013

---

Before GREGORY, SHEDD, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gregory Bryl, BRYL LAW OFFICES, Washington, D.C., for Appellants. Joseph Jason Patry, BLANK ROME LLP, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger and Janet Jaldin appeal the district court's dismissal of their claims for declaratory and injunctive relief, breach of contract, removal of cloud on title, and violations of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Finding no error, we affirm.

I.

On May 9, 2007, Mr. Jaldin executed a deed of trust securing a loan on the property located at 7370 Kincheloe Road in Clifton, Virginia. The deed of trust, which secured a promissory note in the amount of $700,000, named "Countrywide Home Loans, Inc., dba America's Wholesale Lender" as the lender. Paragraph 22 of the deed of trust establishes that, in the event of default, the "Lender shall give notice to Borrower prior to acceleration." J.A. 53. The deed of trust specifies that notice of intent to accelerate must allow the Borrower thirty days from the date of receipt of the notice to cure the default.

In November 2010, BAC Home Loans Servicing, Defendant-Appellee Bank of America, N.A.'s (BANA) predecessor in interest,

2

sent a notice of intent to accelerate to the Jaldins[1] stating that they had until December 16, 2010, to cure their default by paying the overdue amount of $11,927.98. The notice, dated November 16, 2010, arrived on November 22, 2010. The Jaldins did not cure the default. However, BAC Home Loans Servicing did not take any action against the Jaldins or the subject property.

On October 26, 2011, BANA executed a substitution of trustees for the deed of trust, appointing Defendant-Appellee ReconTrust Company, N.A.,[2] based in Texas, and ALG Trustee, based in Virginia, as the new deed of trust trustees. On October 27, 2011, ReconTrust sent the Jaldins a letter stating that it was accelerating the loan referenced in the deed of trust. In November or December 2011, April 2012, and July or August 2012, ReconTrust sent Jaldin separate notices of upcoming trustee's sales at which the property would be sold. However, ReconTrust never held a trustee's sale nor sold the property. The Jaldins retain possession, even though they have not made a payment since September 2010.

---

[1] Even though the deed of trust and related documents identify Mr. Jaldin as the Borrower, the first amended complaint states that Jaldin's wife, Janet, also has an interest in the property as a title holder. She is a named Plaintiff in this case. As such, we treat the Jaldins as a unit for purposes of our analysis.

[2] ReconTrust is a wholly-owned subsidiary of BANA.

In December, 2011, upon the Jaldins' request, BANA sent a letter to the Jaldins identifying the owner of the note as "Bank of America, N.A., Successor by merger to BAC Home Loan Servicing, LP FKA Countrywide Home Loan Servicing, LP for the Benefit of the Halo 2007-2 Trust." J.A. 25. The Jaldins, however, did not find BANA listed on the publicly available documents associated with the HALO 2007-2 Trust. On April 25, 2012, the Jaldins' counsel wrote to BANA, again requesting the identity of the owner of the debt. BANA responded, stating that the owner of the debt was "Deutsche Bank National Trust Company, as Trustee for holders of the HSI Asset Loan Obligation Trust 2007-2." J.A. 236.

On August 24, 2012, the Jaldins filed suit against BANA, ReconTrust, and a John Doe Defendant in the Circuit Court of Fairfax County, Virginia, seeking declaratory and injunctive relief, removal of cloud on title, breach of contract, and various TILA and FDCPA violations. BANA and ReconTrust removed the case to federal court and made a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

On November 9, 2012, the district court granted the motion to dismiss with leave to amend. After the Jaldins filed their Amended Complaint, BANA and ReconTrust again moved to dismiss. The district court granted the motion and denied the Jaldins'

4

motion for leave to amend. The Jaldins filed a timely appeal of which we have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

We review a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012).

A.

As a preliminary matter, BANA and ReconTrust argue that the claims for injunctive and declaratory relief are moot because they have cancelled the trustee sale. Appellee's Br 11. The Constitution authorizes federal courts to hear "Cases" and "Controversies," but forbids consideration of matters that are no longer "live" or where the parties "lack a legally cognizable interest in the outcome." U.S. Const. art. III, § 2; Powell v. McCormack, 395 U.S. 486, 496 (1969). There is a well-established exception to the mootness doctrine, however, where a controversy is "capable of repetition, yet evading review." S. Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911). Even though currently there is no pending sale of the Jaldins' property, if we find these claims moot, BANA and

5

ReconTrust would be able to schedule and execute such a sale in short order. Indeed, the Jaldins allege facts indicating that BANA and ReconTrust have initiated and canceled at least three trustee sales. There is no indication that BANA and ReconTrust do not have plans to initiate such a sale upon resolution of this case. Thus, we perceive no basis for concluding that the Jaldins' claims for injunctive and declaratory relief are moot.

B.

The Jaldins first argue that ReconTrust cannot act as a deed of trust trustee with the power to execute a foreclosure in Virginia because Virginia Code § 55-58.1 does not allow out-of-state entities to serve as trustees of a security trust. Appellant's Br. 13-26. BANA and ReconTrust urge us to find that the 12 U.S.C. § 92(a) of the National Banking Act (NBA) preempts Virginia Code § 55-58.1. Appellee's Br. 12-24.

Preemption is fundamentally a question of congressional intent. English v. Gen. Elec. Co., 496 U.S. 72, 78-79 (1990). There are three types of federal preemption: (1) express preemption, where Congress explicitly establishes its intent to preempt state law; (2) field preemption, where Congress pervasively occupies an area of law such that there is no room left for states to supplement the relevant federal law, and; (3) conflict preemption, where state law actually conflicts with federal law. Decohen v. Capital One, N.A., 703 F.3d 216, 223

6

(4th Cir. 2012). Here, BANA and ReconTrust restrict their argument to conflict preemption. Courts will find conflict preemption where it is impossible for a party to comply with both state and federal law or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." English, 496 U.S. at 79 (internal quotations omitted).

The Supreme Court has clarified that "grants of both enumerated and incidental 'powers' to national banks [are] grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law." Barnett Bank of Marion Cnty., N.A. v. Nelson, 517 U.S. 25, 32 (1996). The NBA grants national banks the power to engage in mortgage lending. 12 U.S.C. § 371(a); Watters v. Wachovia Bank, N.A., 550 U.S. 1, 12 (2007). "A state law may not significantly burden a national bank's own exercise of its real estate lending power, just as it may not curtail or hinder a national bank's efficient exercise of any other power." Id. at 13. As the Eighth Circuit explained in a recent decision, "it is . . . clear that the power to foreclose is incidental to the express power to make mortgage loans." JPMorgan Chase Bank, N.A. v. Johnson, 719 F.3d 1010, 1017 (8th Cir. 2013). Indeed, "[t]he power to engage in real estate lending would be rendered a nullity if national

7

banks could not also foreclose when the borrower defaulted." Id. at 1018 (internal quotations omitted).

ReconTrust is authorized by the Office of the Comptroller of the Currency (OCC) as a national bank. Section 92a(a) of the NBA states that the OCC may grant authority to national banks to act as "trustee," and in all other "fiduciary capacit[ies]." 12 U.S.C. § 92a(a). However, Virginia Code § 55-58.1(2) prevents a national bank that does not have its principal office in Virginia from acting as the trustee of a security trust. As such, Virginia law stifles the ability of a national bank such as ReconTrust from acting as a deed of trust trustee and from executing foreclosures. Therefore, Virginia law "substantially interferes" with ReconTrust's ability to execute a power incidental to its express mortgage lending powers under the NBA. See JPMorgan Chase Bank, 719 F.3d at 1018.

It is true, as the Jaldins argue, that the NBA also subjects national banks to state laws, but only insofar as state-based competitors are subject to the same laws. 12 U.S.C. § 92a(b). Section 92a(b) establishes that

> [w]henever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this section.

8

Because Virginia Code § 55-58.1 grants state banks, but not national banks that do not have their principal office in Virginia, the power to serve as trustee of a security trust, the NBA preempts the law. See also Cox v. ReconTrust Co., N.A., 2011 WL 835893, at *3 – 5 (D. Utah Mar. 3, 2011) (unpublished) (explaining that where state law gives trustee powers to state entities it does not give to national banks, the NBA preempts the state law). The OCC, the agency authorized to implement the NBA, has issued interpretive letters that provide additional support for this conclusion. A 1995 interpretive letter establishes that "[a] state may limit national banks from exercising any or all fiduciary powers in that state, but only if it also bars its own institutions from exercising the same powers." OCC Interpretive Letter No. 695, 1995 WL 788827, at *5 (1995); see also OCC Interpretive Letter No. 1103, 2008 WL 7448056, at *2 (2008) (explaining that the NBA preempted a North Carolina law that placed requirements on out-of-state banks exercising fiduciary duties that it did not place on state banks exercising fiduciary duties).

The Jaldins argue that the NBA does not preempt § 55-58.1 because deed of trust trustees are not true trustees or fiduciaries within the coverage of the NBA. Appellant's Br. 18. As such, they urge us to find that ReconTrust cannot derive

9

authority to engage in debt collection by foreclosure by virtue of its permit from the OCC.  Id. at 23.

Even if we find that reference to "trustees" in § 92a(a) of the NBA refers to a different type of trustee, deed of trust trustees fit within the parameters of the catch-all provision of § 92a(a) which applies the NBA to national banks serving in "any other fiduciary capacity."  The Supreme Court of Virginia has repeatedly explained that deed of trust trustees have fiduciary duties.  Smith v. Credico Indus. Loan Co., 362 S.E.2d 735, 736 (Va. 1987) ("A trustee under a deed of trust is a fiduciary for both debtor and creditor and must act impartially between them.") (citing Whitlow v. Mountain Trust Bank, 207 S.E.2d 837, 840 (Va. 1974)).[3]  Further, Virginia law governing fiduciaries includes provisions applying explicitly to deed of trust trustees.  See Va. Code. Ann. § 64.2-1423.

We find that Virginia Code § 55-58.1 "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" because it interferes with ReconTrust's

---

[3] The Jaldins also cite to a Virginia Supreme Court case, Warner v. Clementson, 492 S.E.2d 655, 657 (Va. 1997), to support the contrary proposition that deed of trust trustees are not bound by fiduciary duties.  However, the court in that case distinguished Smith and Whitlow by explaining that those cases involved an action by a debtor against trustees while Warner dealt with a case by a guarantor against a trustee.  Id. at 657 n.3.  Given that the Jaldins are debtors, not guarantors, Smith and Whitlow provide the relevant authority in this case.

authority under the NBA to act as a deed of trust trustee and to execute foreclosures -- a power incidental to its real estate lending power.  See English, 496 U.S. at 79; JPMorgan Chase Bank, 719 F.3d at 1017-18.

C.

The Jaldins next argue that the district court improperly dismissed their claims for breach of contract because BANA and ReconTrust did not comply with the terms of the deed of trust. Appellant's Br. 27-31.  Specifically, they complain that BANA and ReconTrust improperly drafted and delivered acceleration and trustee sale notices.  Id. at 27.

BANA's predecessor in interest appears to have sent a notice of intent to accelerate to the Jaldins without providing adequate time to cure.  However, the Jaldins fail to show how any such violation has damaged them.  See Filak v. George, 594 S.E.2d 610, 614 (Va. 2004) (explaining that "injury or damage to the plaintiff caused by the breach of the obligation" is an element of any action for breach of contract).  There has been no foreclosure and the Jaldins remain in possession of the property.  Their contention that the breach in the terms of the deed of trust damaged them because it forced them to hire counsel and other "professionals" is unavailing.  There does not appear to be any dispute that the Jaldins were in default of their loan.  Nothing establishes that they hired counsel and

11

professionals because the notice of intent to accelerate provided too little time to cure. See Filak, 594 S.E.2d at 614. Nor do the Jaldins provide any factual support in their complaint for their allegation that the breach caused "emotional distress, embarrassment, and loss of enjoyment of life." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a pleading that "tenders naked assertions devoid of further factual enhancement" will not survive a motion to dismiss (internal quotations omitted)). We find no error in the district court's decision to dismiss the Jaldins' claims for breach of contract.

D.

The Jaldins next argue that the district court erred in dismissing its TILA claims that alleged a failure to "disclose the name [of the owner of the debt] either directly (under § 1641(g)) or through [BANA] (under § 1641(f)(2))." Appellant's Br. 32. TILA requires that "[u]pon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of his obligation or the master servicer of the obligation."[4] 15 U.S.C. § 1641(f)(2).

_____

[4] TILA also provides that a "new owner or assignee of [the] debt" must provide identifying information to the borrower upon request. 15 U.S.C. § 1641(g).

12

According to the Jaldins' complaint, when they made written request for clarification pursuant to TILA, BANA's December 2, 2011, response identified the owner of the debt as "Bank of America, N.A. . . . for the benefit of the HALO 2007-2 Trust." J.A. 236. In response to a second request, BANA sent a letter stating that the owner of the debt was "Deutsche Bank National Trust Company, as Trustee for holders of the HSI Asset Loan Obligation Trust 2007-2." While BANA may have failed in its first response to identify Deutsche Bank, each response to the Jaldins identified the HALO Trust as the ultimate owner of the debt. See O'Dell v. Deutsche Bank Nat. Trust Co., No. 1:12-cv-985, 2013 WL 2389874, at *12 (E.D. Va. May 30, 2013) (unpublished) (finding that where a loan was placed in a trust, the trust was the owner of the debt). Further, the Jaldins' complaint admits that the publicly available documents for the HALO 2007-2 trust identified Deutsche Bank as trustee for the HALO 2007-2 trust. Therefore, we find that BANA's responses, while not a model of clarity, were sufficient under TILA.

The Jaldins' TILA claims also fail because they made no showing of detrimental reliance. Detrimental reliance is an element of a TILA claim for actual damages. Turner v. Beneficial Corp., 242 F.3d 1023, 1026 (11th Cir. 2001); Santos v. Fed. Nat'l Mortg. Ass'n, 889 F. Supp. 2d 1363, 1368 (S.D. Fla. 2012) (dismissing TILA claim under § 1641(f)(2) for failure

13

to plead sufficient facts supporting detrimental reliance). The Jaldins' claims for damages under TILA do not include any explanation of how the alleged violation caused detrimental reliance. As such, we conclude that the district court did not err in dismissing the Jaldins' TILA claims.

E.

The Jaldins' next argue that ReconTrust violated the FDCPA by threatening to take non-judicial action when it had "no right to do so," because ReconTrust was acting as an out-of-state deed of trust trustee. Appellant's Br. 35. Further, they allege that BANA violated the FDCPA by falsely claiming it was the owner of the Jaldins' debt. Id. As explained above, the NBA authorized ReconTrust to take foreclosure action against the Jaldins. Further, BANA's response to the Jaldins' request for clarification regarding the owner of their debt accurately identified the HALO 2007-2 Trust. Because we have already addressed these issues, we need not recycle the analysis to dispose of the Jaldins' FDCPA claims.

Similarly, we need not address the Jaldins' claim that the district court erred when it dismissed their "remove cloud on title" claim. That claim rested on the Jaldins' assertion that BANA unlawfully appointed ReconTrust as the substitute trustee of the deed of trust. Again, ReconTrust derives its relevant authority from the NBA, which preempts Virginia Code 55-58.1

14

insofar as it prevented ReconTrust from acting in this capacity. We find that the district court committed no error when it dismissed the Jaldins' claims for violation of the FDCPA and removal of cloud on title.

## III.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process. For the reasons stated above, the ruling of the district court granting BANA and ReconTrust's motion to dismiss is

AFFIRMED.

15