Yechezkel Rodal, Loan Lawyers, LLC, Plantation, FL, for Plaintiffs.

William Patrick Heller, Jason Patrick Bichsel, Akerman Senterfitt & Eidson, Fort Lauderdale, FL, for Defendant.

Abdool Kassim KHAN and Eileen Dasrath–Khan, et al., Plaintiffs,

v.

The BANK OF NEW YORK MELLON fka The Bank of New York, as Trustee For The Certificateholders Cwabs, Inc., Asset–Backed Certificates, Series 2005–Im2, Defendant.

Case No. 12–60128–CIV.

United States District Court, S.D. Florida.

March 19, 2012.

# ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant The Bank of New York Mellon fka The Bank of New York, As Trustee for the Certificateholders CWABS, Inc., Asset–Backed Certificates, Series 2005–IM2 ("Defendant" or "BoNY")'s Motion to Dismiss [DE 6], filed herein on February 21, 2012. The Court has carefully considered the Motion, Plaintiffs' Response in Opposition [DE 7], Defendant's Reply [DE 8], and is otherwise fully advised in the premises.

## I. BACKGROUND

On November 25, 2009, Defendant BoNY filed a pending mortgage foreclosure complaint in Broward County Circuit Court against Plaintiffs Abdool Kassim Khan and Eileen Dasrath–Kahn ("Plaintiffs" or "the Kahns"). On August 26, 2012, Plaintiffs filed this action in county court against Defendant BoNY, alleging a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Defendant removed the action to this Court on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331 and 1441(b).

In their one-count Amended Complaint [DE 1–2], Plaintiffs allege that BAC HOME LOANS SERVICING, LP ("BAC") was the servicer of the subject loan, and that "On or about December 23, 2010, BAC received a request to identify the owner of Plaintiffs' Promissory Note pursuant to TILA." Comp. ¶ 9. Although

obligated to do so in accordance with Federal statute, "BAC has failed to or refused to comply with 15 U.S.C. § 1641(f)(2) of TILA by not providing the telephone number of the owner or master servicer of the obligation." Comp. ¶ 14. Plaintiffs then alleged that pursuant to 15 U.S.C. 1640(a), they are entitled to actual damages, statutory damages, costs, and attorney's fees. Comp. ¶ 18.

Defendant BoNY moves to dismiss Plaintiffs' Amended Complaint with prejudice on the grounds that Defendant BoNY, as the creditor of the mortgage loan at issue, cannot be vicariously liable for violations of TILA section 1641(f)(2).

## II. MOTION TO DISMISS STANDARD

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," giving the defendant fair notice of the claim and its grounds. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 & n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true. *Id.* at 555, 127 S.Ct. 1955; *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The Supreme Court has explained that a complaint is sufficiently non-speculative, or plausible, if "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Ultimately, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Twombly,* 550 U.S. at 563 n. 8, 127 S.Ct.

1955 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

## III. DISCUSSION

TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). In addition to empowering the Federal Trade Commission to enforce its provisions, 15 U.S.C. § 1607(c), and imposing criminal liability on persons who wilfully and knowingly violate the statute, 15 U.S.C. § 1611, TILA creates a private cause of action for actual and statutory damages for certain disclosure violations, 15 U.S.C. § 1640(a). In particular, § 1641(f) reads as follows:

(f) Treatment of servicer

(1) In general

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.

(2) Servicer not treated as owner on basis of assignment for administrative convenience

A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. *Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of*

*the obligation or the master servicer of the obligation.*

15 U.S.C. § 1602(f) (emphasis added). TILA, however, does not impose liability on servicers, but rather provides a private cause of action against "creditor[s] who fail[ ] to comply with any requirement imposed under … section 1635 of this title [and] subsection (f) or (g) of section 1641." *Id.* § 1640(a).[1]

Defendant argues that, as the creditor of the mortgage loan at issue, it cannot be held vicariously liable for damages under § 1602(f)(2) for the alleged failure of the loan's servicer, BAC, to properly respond to the Khans' request for information about the mortgage loan owner. Defendant relies upon the recent opinion issued in *Holcomb v. Federal Home Loan Mortgage Corporation,* 2011 WL 5080324 (S.D.Fla. Oct. 26, 2011). In *Holcomb,* the plaintiff served its request for information under § 1641(f)(2) on Wells Fargo Bank, N.A. ("Wells Fargo")—the loan servicer— who failed to respond. *Id.* at *1. The plaintiff then sued Federal Home Loan Mortgage Corporation ("Freddie Mac") as the creditor of the loan, arguing that Freddie Mac was liable for Wells Fargo's failure as its agent. *Id.* at *5.

The *Holcomb* court recognized that interpreting Congress' assignment of liability under § 1641(f)(2) presents a difficult problem: "TILA presents an apparent conundrum by imposing an obligation on servicers to provide information on request but also absolving servicers of any liability under TILA where the servicers are not also the owners of the obligations." *Id.* at *6. The court also noted that other courts have attempted to rectify this issue by imposing vicarious liability on the creditor for its servicer's failure to comply with § 1642(f). *See Consumer Solutions REO,*

*LLC v. Hillery,* 2010 WL 144988, at *3 (N.D.Cal. Jan. 8, 2010) ("[G]iven that the servicer cannot be held liable for damages for a § 1641(f)(2) violation, and the very nature of such a violation implies the debtor will not know the identity of and contact information for the owner of the note, the debtor would be left essentially without a remedy absent some form of vicarious liability."). Nonetheless, the *Holcomb* court decided that vicarious liability did not apply, "although the resulting difficulties in enforcing (f)(2) are alarming," because it reasoned that Congress attempted to address the concerns by the May 2009 enactment of 15 U.S.C. § 1641(g), which requires a new creditor, within thirty (30) days following a transfer, sale, or assignment of a loan, to provide the borrower with relevant information regarding the new creditor. The court also explained that its chosen "approach ensures access to information without increasing the risk that some lenders would use information requests under (f)(2) as a means to 'gain leverage rather than an attempt to gain information'" *Id.* at *6, *quoting In re Carlton,* 2011 WL 3799885 (Bkrtcy.N.D.Ala. Aug. 6, 2011). Thus, the *Holcomb* court found that creditor Freddie Mac could not be held vicariously liable for servicer Well Fargo's failure. *Id.* at *7. Moreover, the court stated that, "even if vicarious liability did apply as between Wells Fargo and Lender, it remains unclear what liability would transfer given that Wells Fargo itself bears no liability under the facts alleged." *Id.* Defendant BoNY urges the Court to adopt the reasoning of Judge Hurley in *Holcomb* and likewise conclude that BoNY, the loan owner, cannot be liable under 15 U.S.C. § 1640(a) for the servicer BAC's alleged failure to respond to the borrower's request for loan owner-

---

**1.** *See* 15 U.S.C. § 1641(f)(1) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.").

ship information made pursuant to 15 U.S.C. § 1641(f)(2).

In response, Plaintiffs argue that this Court should not adopt *Holcomb*. Plaintiffs contend that *Holcomb* is the only decision to date to deny agency liability as it applies to 15 U.S.C. § 1641(f)(2). Plaintiffs acknowledge that this point of law is a novel one and this Court will have little guidance from its sister courts. Nonetheless, Plaintiffs urge the Court to adopt the reasoning of a handful of courts who have imposed liability on the creditor for a servicer's violation of § 1641(f)(2). *See Davis v. Greenpoint Mortg. Funding, Inc.,* 2011 WL 7070221 at *4 (N.D.Ga. Mar. 1, 2011) ("[T]his Court concludes that agency principles apply, and creditors may be held vicariously liable for the Section 1641(f)(2) violations of their servicers."); *Consumer Solutions REO, LLC v. Hillery,* 2010 WL 1222739 (N.D.Cal. March 24, 2010) ("[T]he Court rejects [creditor]'s position that vicarious liability based on TILA is not possible under § 1641(f)(2)."); *Consumer Solutions REO, LLC v. Hillery,* 2010 WL 144988, at *3 (N.D.Cal. Jan. 8, 2010) ("There is a fair chance Congress intended vicarious liability....").

Plaintiffs remind the Court that "TILA is a consumer protection statute, and as such must be construed liberally in order to best serve Congress' intent." *Ellis v. General Motors Acceptance Corp.,* 160 F.3d 703, 707 (11th Cir.1998). Moreover, Plaintiffs argue, in interpreting the relevant statute, the Court must look at TILA as a whole, *see United States v. Boisdore's Heirs,* 49 U.S. 113, 122, 8 How. 113, 12 L.Ed. 1009 (1850) ("In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy."), and the Court should construe the statute "so as to avoid rendering superfluous any parts thereof." *Astoria Federal Savings & Loan Ass'n v.*

*Solimino,* 501 U.S. 104, 112, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). Plaintiffs also emphasize the Court's obligation to interpret TILA liberally in light of its remedial purposes. *See, e.g., Brown v. CitiMortgage, Inc.,* 817 F.Supp.2d 1328, 1334–35 (S.D.Ala.2011) ("The Eleventh Circuit has emphasized the strong remedial purpose of TILA and has heeded continual admonitions that we construe TILA ... liberally in the consumer's favor.") (citations and internal quotation marks omitted).

By enacting 15 U.S.C. § 1641(f)(2), Congress provided that servicers, upon request of the borrower, must identify the owner or master servicer of the borrower's loan. In May 2009, TILA was amended to add to Section 1640(a), a private right of action against creditors for a violation of Section 1641(f)(2). *See* Pub. L. No. 111–22, § 404(b), 123 Stat. 1632, 1658 (2009); 15 U.S.C. § 1640(a) ("Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under ... subsection (f) or (g) of section 1641 of this title, ... with respect to any person is liable to such person...."). However, as servicers have no liability for violations of TILA unless they are the current or former owner of the loan, *see* § 1640(f)(1), we are faced with a conundrum regarding how to meaningfully interpret Congress' assignment of liability where servicers who are non-owners of the underlying loans commit violations of § 1640(f)(2). There is very limited case law on the issue to date; however, it appears that the trend is towards imposing vicarious liability on creditors rather than denying it.

In *Consumer Solutions REO, LLC v. Hillery,* 2010 WL 1222739 (N.D.Cal. March 24, 2010), the court faced a similar dilemma and ruled that agency principles applied to § 1641(f)(2), imposing liability

on the creditor for the servicer's alleged violation. The *Hillery* court specifically rejected the argument relied upon in *Holcomb* that 15 U.S.C. 1641(g) was the vehicle in which Congress intended to impose liability on the creditor:

> If § 1641(g)(1) simply required a creditor to provide the above information upon a request by the obligor, as in § 1641(f)(2), this would be strong evidence that Congress enacted § 1641(g)(1) to effectuate a change to § 1641(f)(2)-by expanding liability from the servicer to the creditors. This would imply that prior to 2009, liability was limited to the servicer. But § 1641(g)(1) does not merely require action from a creditor only upon a request by the obligor. Rather, § 1641(g)(1) puts an affirmative obligation on the creditor to act, regardless of the obligor's conduct. By doing so, it does far more than arguably expand the list of parties who may be liable under § 1641(f)(2); it changes the substantive obligations of creditors. Therefore, contrary to what [the defendant] argues, § 1641(g)(1)'s enactment does not implicitly presume that a creditor is not liable under § 1641(f)(2) for its servicer's failure to respond to a borrower's request for information.

*Id.* at *4. Similarly, in *Davis v. Greenpoint Mortg. Funding, Inc.*, 2011 WL 7070221 at *3 (N.D.Ga. Mar. 1, 2011), *report and recommendation adopted in part, rejected in part on other grounds*, 2011 WL 7070222 (N.D.Ga. Sept. 19, 2011), the court concluded that agency principles apply, and that creditors may be held vicariously liable for the section 1641(f)(2) violations of their servicers:

> To reconcile the substantive obligation imposed upon servicers in Section 1641(f)(2) and the remedial obligation levied upon creditors in Section 1640(a), this Court reads TILA to allow the application of agency principles so that

creditors may be held vicariously liable for the acts of servicers as Plaintiff urges. By its plain language, 15 U.S.C. § 1641(f)(2) imposes a disclosure obligation that is directed to servicers only. Thus, it is a servicer's failure to act that gives rise to the private right of action that is authorized in 15 U.S.C. § 1640(a). *See* 15 U.S.C. § 1641(f)(2); 15 U.S.C. § 1640(a). TILA, however, does not contain any provisions allowing a consumer to bring a civil action against a servicer for a violation of Section 1641(f)(2). Section 1641(f)(2) does not provide for a servicer's liability for damages if it fails to comply with the section's obligations, 15 U.S.C. § 1641(f)(2), and the only provisions within Section 1641 concerning servicer liability limits a servicer's liability to situations in which the servicer was once an assignee or owner of the loan. 15 U.S.C. § 1641(f)(1). Thus, this Court has previously concluded that servicers, who have no ownership in a loan obligation and who have never had any such ownership, are not subject to liability for a violation of Section 1641(f)(2). [ . . . ] Because TILA does not impose liability upon a servicer who is not an owner or assignee of a note, the private right of action that Section 1640(a) creates would be meaningless, unless agency principles permit a creditor to be held liable for Section 1641(f)(2) violations committed by its servicer. To avoid rendering Section 1640(a) superfluous, this Court concludes that agency principles apply, and creditors may be held vicariously liable for the Section 1641(f)(2) violations of their servicers. [ . . . ] This conclusion gives force to the disclosure provision in Section 1641(f)(2) and comports with the intent of TILA to be "remedial in nature . . . and . . . [to] be construed liberally in order to best serve Congress's intent." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir.1998).

*Id.* at \*4. *See also Ording v. BAC Home Loans Servicing, LP,* 2011 WL 99016, \*3 (D.Mass. Jan. 10, 2011) ("While it is the servicer of the loan that has the obligation to provide the information to the borrower pursuant to section 1641(f), liability for violations of TILA rests squarely and solely with creditors."); *Selby v. Bank of America, Inc.,* 2011 WL 902182, \*6 (S.D.Cal. Mar. 14, 2011) (same).

According to Defendant's proposed construction of the TILA, neither a servicer/nonlender nor a lender/non-servicer is liable for damages based upon a § 1602(f)(2) violation.[2] The provision would as a result be left essentially without effect, notwithstanding the rule that statutes should be read to avoid rendering superfluous any parts thereof. Acknowledging the limited case law on the issue, the imperfect character of the statutory provisions as drafted, and the admonishment that we must liberally construe this remedial consumer protection statute, the Court is persuaded that Congress meant

to extend agency principles to creditors or make creditors liable under § 1641(f)(2) by intentionally inserting the private right of action for violations of § 1641(f)(2) into § 1640(a), a remedy section that provides for civil liability against creditors. Accordingly, the Court rejects Defendant's position that it cannot be vicariously liable for damages under § 1641(a) as a result of BAC's alleged failure to properly respond to Plaintiffs' § 1641(f)(2) request for information.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND AD-JUDGED** that Defendant The Bank of New York Mellon fka The Bank of New York, As Trustee for the Certificateholders CWABS, Inc., Asset–Backed Certificates, Series 2005–IM2 ("Defendant" or "BoNY")'s Motion to Dismiss [DE 6] is hereby **DENIED.**

---

**2.** The Court notes that an entity that is both the servicer and lender on a loan would clearly be liable for damages under § 1602(f)(2), but the Court need not reach that issue as it is

not applicable to the facts as alleged in this case.