**Morris KIEVMAN, et al, Plaintiffs,**

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant.**

**Case No. 1:12–cv–22315–UU.**

United States District Court, S.D. Florida.

Sept. 14, 2012.

Yechezkel Rodal, Loan Lawyers, LLC, Plantation, FL, for Plaintiffs.

John Robert Chiles, Nicholas Steven Agnello, Burr & Forman, LLP, Ft. Lauderdale, FL, Christine Irwin Parrish, Burr & Forman LLP, Orlando, FL, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on Defendant's Motion to Dismiss the First Amended Complaint, filed August 10, 2012 (the "Motion"). D.E. 5. Plaintiffs filed a Response to the Motion on August 27, 2012. D.E. 8. Defendant filed a Reply to Plaintiffs' Response on August 31, 2012. D.E. 16. Accordingly, this matter is ripe for disposition.

THE COURT has considered the Motion, the Response, and the pertinent portions of the record and is otherwise fully advised in the premises.

### Background

This is an action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). Morris Kievman and Devorah L. Bernstein, Plaintiffs in this action, are borrowers whose mortgage loan obligation is owned by Federal National Mortgage Association ("Fannie Mae") and serviced by Seterus, Inc. ("Seterus"). D.E. 10 ¶ 9. Seterus began servicing the loan on August 1, 2010, D.E. 10, Ex. B, and is not a party in this action. Seterus received a letter from Plaintiffs' counsel, dated July 7, 2011, making fifteen numbered requests for information concerning the their obligation. D.E. 10, Ex. A. Seterus responded in a letter dated August 3, 2011. D.E. 10, Ex. B. That correspondence forms the basis of this suit.

In the first count of their Complaint, Plaintiffs allege that Fannie Mae violated TILA when its servicer, Seterus, failed to respond to Plaintiffs' request for the name, address, and telephone number of the owner or master servicer of Plaintiff's mortgage obligation. D.E. 10 ¶¶ 15–24. Specifically, Seterus provided the name of the loan's owner (Fannie Mae), and but did not provide Fannie Mae's address or telephone number. D.E. 10, Ex. B. Its letter also stated: "The owner of the loan has contracted with Seterus to collect payments and respond to inquiries regarding the loan." *Id.* It did not explicitly identify Seterus as the "master servicer." Plaintiffs allege that Defendant Fannie Mae is vicariously liable for Seterus's failure properly to respond because "SETERUS was acting in furtherance and within the scope of its employment for FANNIE MAE." D.E. 10 ¶ 30.

The second count of Plaintiffs' Complaint concerns their request for an itemized pay-off statement, made in the same letter dated July 7, 2011. D.E. 10 ¶ 35. That request was made along with fourteen other numbered requests. D.E. 10, Ex. A. Plaintiffs allege that Seterus failed to respond to the request for an itemized pay-off statement in a reasonable time. D.E. 10 ¶ 35. Plaintiffs repeat their assertion of vicarious liability as to the second count. D.E. 10 ¶ 45.

Plaintiff originally filed this action against Defendant in the 11th Judicial Circuit in and for Miami–Dade County, Florida. D.E. 1–2. Defendant timely removed the action to this Court. D.E. 1. Defendant now moves to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a cause of action under TILA. D.E. 14. ——

### Legal Standard

In order to state a claim, Fed.R.Civ.P. 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679, 129 S.Ct. 1937.

### Discussion

Congress enacted TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available ... and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). The Court broadly construes TILA in favor of consumers. *Bragg v. Bill Heard Chevrolet, Inc.,* 374 F.3d 1060, 1065 (11th Cir. 2004).

### A. Count I—Violation of § 1641(f)(2)

■ At issue in this Motion is whether Plaintiffs may properly state a claim against Defendant, the owner of Plaintiffs' mortgage obligation, for its servicer's alleged violations of 15 U.S.C. § 1641(f)(2). The Parties dispute (1) whether a creditor or assignee may be held liable for a servicer's violation of the TILA statute; (2) whether Plaintiffs have pleaded plausible facts sufficient to allege that Defendant is a creditor within the meaning of the statute; and, (3) if they have failed to plead, whether the statute bars this claim from being brought against a creditor's assignee. For the reasons stated below, the Court finds that a creditor or assignee may *not* be held liable for the TILA violations of a servicer, and therefore need not reach the two subsidiary questions.

In the Complaint, Plaintiffs contend that Defendant Fannie Mae is vicariously liable for its servicer's violation of § 1641(f)(2), which provides that:

> Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master services of the obligation.

15 U.S.C. § 1641(f)(2). While subsection (f)(2) sets forth a servicer's duties to the obligors, it does not impose any liability on the servicer.[1] It is § 1640(a) that imposes

---

1. The statute defines "servicer" as the party responsible for receiving any scheduled peri-

civil liability for failure to comply with those obligations, stating:

> [A]ny creditor who fails to comply with any requirement imposed under this part, including ... subsection (f) or (g) of section 1641 of this title ... with respect to any person is liable to such person.

15 U.S.C. § 1640(a).[2]

At first blush there appears to be a disjuncture between § 1640(a) and § 1641(f)(2). Section 1640(a), a remedial provision, imposes civil liability on creditors for failure to comply with subsection (f). Yet § 1641(f)(2) imposes a duty only on the servicers of an obligation. Reading these two provisions in isolation and *in pari materia*, there might appear to be a gap in the drafting of the statute. Plaintiffs argue that this gap evinces a congressional intent to impose vicarious liability on creditors' and assignees for their servicers' violations. At least two decisions from this district have endorsed that view. *See Khan v. Bank of N.Y. Mellon*, 849 F.Supp.2d 1377, 1382 (S.D.Fla.2012) ("Congress meant to ... make creditors liable under § 1641(f)(2) by intentionally inserting the private right of action for violations of § 1641(f)(2) into § 1640(a)."); *see also Galeano v. Fed. Home Loan Mortg. Corp.*, No. 12–cv–61174, 2012 WL 3613890 (S.D.Fla. Aug. 21, 2012) (explicitly adopting "the *Khan* line of decisions"). Defendants, in response, urge the Court to adopt the approach set forth in the earlier case of *Holcomb v. Federal Home Loan Mortgage Corp.*, No. 10–cv–81186, 2011 WL 5080324, at *7 (S.D.Fla. Oct. 26, 2011), which declined to expand liability beyond the text of the statute. The *Holcomb* court reasoned that it "cannot say that Congress intended to make creditors and assignees liable under § 1641(f)(2)." *Id.* As in *Khan* and *Galeano*, the plaintiff in *Holcomb* sued the mortgage note owner for its servicer's alleged violations.

 This Court agrees with the position taken in *Holcomb* and declines to extend liability to obligation owners—be they creditors or assignees—for their servicers' failures to comply with § 1641(f)(2). The reference to "subsection (f)" in § 1640(a) is best explained by the fact that the owner of an obligation may sometimes act as the servicer of that obligation. The statute contemplates this scenario in the first paragraph of subsection (f), which reads: "A servicer of a consumer obligation ... shall not be treated as an assignee of such obligation for the purposes of this section unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). In the case of an owner-servicer, then, failure to comply with subsection (f) does subject it to liability. *See Khan*, 849 F.Supp.2d at 1382 n. 2 ("The Court notes that an entity that is both the servicer and lender on a loan would clearly

---

odic payments from a borrower according to the terms of a loan. 12 U.S.C. § 2605(i)(2), (3).

**2.** As noted above, Defendant contends that it is not a creditor within the meaning of 15 U.S.C. § 1602(g), and that, in any event, Plaintiff has not "plausibly alleged facts" sufficient to show that Defendant is a Creditor. D.E. 14, at 11. Plaintiff also pleaded that Defendant is an assignee, D.E. 10 ¶ 6, and Defendant concedes that it is an assignee within the meaning of the statute, D.E. 14, at 11. Section 1641(a) only extends to assignees liability for "any civil action for a violation ... which may be brought against a creditor ... *only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement.*" 15 U.S.C. § 1641(a) (emphasis added). Because the Court finds that Plaintiffs would not be able to state their claim against a creditor who is not also a servicer, it need not reach the question of whether § 1641(a) limits the universe of *all claims* that may be alleged against assignees, or limits only the type of *disclosure statement violations* that may be alleged.

be liable for damages."); *Davis v. Greenpoint Mortg. Funding, Inc.*, No. 1:09–cv–2719, 2011 WL 707221 at *3 (N.D.Ga. Mar. 1, 2011) (noting that subsection (f)(1) "limits a servicer's liability to situations in which the servicer was once an assignee or owner of the loan"). But there is no question of vicarious liability for the servicer's violation if the servicer could not itself be held liable. *See Holcomb*, 2011 WL 5080324, at *7 ("[I]t remains unclear what liability would transfer given that [the servicer] itself bears no liability under the facts alleged.").

 Far from rendering any part of the statute superfluous, *see Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 112, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991), this Court's interpretation recognizes that § 1640(a)'s reference to subsection (f) creates a private right of action against those obligees who might employ unfair practices in *servicing* their loans as well as in their issuance and execution. It is true that, as consumer protection statute, TILA should be construed liberally in favor of the consumer, where possible, *see Bragg v. Bill Heard Chevrolet, Inc.*, 374 F.3d 1060, 1068 (11th Cir.2004); *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 707 (11th Cir.1998). As employed by the Eleventh Circuit, this rule of liberal construction serves as a guidepost in interpreting the plain text actually found in the statute. *See, e.g., Bragg*, 374 F.3d at 1068 (invoking the rule in holding that an unfunded financing agreement constituted consummation of a "credit transaction" for the purpose of triggering TILA disclosures); *Ellis*, 160 F.3d at 707–08 (holding that TILA's limitations period is subject to equitable tolling). The rule's animating concern is the consumer's need to "compare more readily the various credit terms available to him and avoid the uninformed use of the credit." *Bragg*, 374 F.3d at 1065 (citing 15 U.S.C. § 1601(a)). For Plaintiffs, whose mortgage closing was at least two years ago, that time has long passed.

**B. Count II—Violation of Regulation Z**

The second count of Plaintiffs' Complaint alleges that, in replying to Plaintiffs' request of July 11, 2011, Seterus failed to comply with 12 C.F.R. § 226.36(c)(1)(iii), in violation of 15 U.S.C. § 1639(*l*)(2). The regulation in question (part of what is known as "Regulation Z") prohibits servicers from "fail[ing] to provide, within a reasonable time after receiving a request from the consumer … an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in full." 12 C.F.R. § 226.36(c)(1)(iii). The Federal Reserve Board of Governors is authorized to promulgate this and other regulations pursuant to 15 U.S.C. § 1064(a).

 As with Count I, the threshold issue is whether Plaintiff may properly state a claim against Defendant for an alleged violation of its servicer, Seterus. On this count, the answer is again that Plaintiffs may not. Indeed, there is no private right of action *at all* for a violation of this regulation. Titled "Prohibitions", 15 U.S.C. § 1639(*l*)(2) authorizes the Board, "by regulation or order, to prohibit acts or practices in connection with" mortgage loans or the refinancing of mortgage loans. 15 U.S.C. § 1639(*l*)(2)(A), (B). Subsection (m) authorizes the Federal Trade Commission to pursue civil enforcement actions for the violation of any regulation promulgated under subsection (*l*)(2). Plaintiffs, in their briefing, did not suggest that the Court could or should imply a private right of action to enforce this regulation, and the Court declines to do so.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss (D.E. 14) is GRANTED.