Juan SIGNORI and Gianinna P. Morzaon, Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Defendant.

Case No. 12–80662–Civ.

United States District Court, S.D. Florida.

March 27, 2013.

Yechezkel Rodal, Loan Lawyers, LLC, Plantation, FL, for Plaintiffs.

John Robert Chiles, Nicholas Steven Agnello, Burr & Forman LLP, Fort Lauderdale, FL, Christine Irwin Parrish, Burr & Forman LLP, Orlando, FL, for Defendant.

## *ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

ROBERT N. SCOLA, JR., District Judge.

The Plaintiffs, Juan Signori and Gianinna P. Morzaon, have sued the present own-er of their home mortgage, Federal National Mortgage Association ("Fannie Mae"). Fannie Mae took ownership of the Plaintiffs' mortgage through an assignment from the initial lender. Fannie Mae arranged with Seterus, Inc. to service the Plaintiffs' mortgage. In July 2011, the Plaintiffs requested Seterus provide them with the name, address, and telephone number of the owner or master servicer of their mortgage loan. This information must be provided to a borrower, upon request, pursuant to Section 1641(f)(2) of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. According to the Plaintiffs, Seterus failed to provide the required information.[1] This lawsuit is based upon the Plaintiffs' assertion that Fannie Mae is liable for the TILA violations of its loan-servicer, Seterus. Fannie Mae has moved to dismiss the Plaintiffs' case. For the reasons explained in this Order, Fannie Mae's Motion to Dismiss is granted.

## I. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).

In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550

---

1. These facts are taken from the Plaintiffs' Amended Complaint. *See Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir.1998) ("In evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## II. ANALYSIS

Fannie Mae moves to dismiss the Plaintiffs' claim on several grounds. First, Fannie Mae argues that Seterus's response to the Plaintiffs' information request complied with TILA. Second, assuming that there was a TILA violation, Fannie Mae contends it cannot be held directly liable because it is an assignee of the mortgage. Finally, Fannie Mae asserts that because it is an assignee, it may not even be held vicariously liability for Seterus's TILA violation.

### 1. *It Is Not Clear From The Complaint and Its Exhibits That Seterus's Response Complied With TILA.*

■ "Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." 15 U.S.C. 1641(f)(2). The parties have argued extensively over whether Seterus's response satisfied the requirements of Section 1641(f)(2). Seterus's response, in pertinent part, stated:

> The owner of this loan is Fannie Mae (Federal National Mortgage Association). The owner of this loan has contracted with Seterus to collect payments and respond to inquiries regarding the loan..... This loan was transferred to us for servicing effective August 1, 2010.

(Am. Compl., Ex. B., ECF No. 11–2.) The response did not include Fannie Mae's address or telephone number. Seterus's physical address, mailing address, and telephone number were included in the letter (in the letterhead). The point of contention turns on whether Seterus adequately identified itself as the master servicer in compliance with Section 1641(f)(2).

The Plaintiffs argue that since Section 1641(f)(2) requires loan servicers to provide the contact information for the "owner" or the "master servicer" a response that only provides the contact information for the entity "servicing" the loan is insufficient. In other words, the Plaintiffs argue that a homeowner should not have to guess whether the responding servicer is the only servicer and if not, whether it is the master servicer.

Fannie Mae urges the Court to take a less formulaic approach in deciding whether the disclosure of information more broadly constituted a meaningful disclosure. Fannie Mae asserts that despite Seterus's failure to include the "magic words" of "master servicer," Seterus's response provided Plaintiffs with adequate information to allow them to conclude that Seterus is the master servicer on their loan. (Mot. Dismiss 5, ECF No. 13.)

There may be a scenario where a response that does not use the words "master servicer" is still compliant with Section 1641(f)(2), but this is not it. Accepting the Plaintiffs' allegations as true, the Court cannot find that Seterus's response to the Plaintiffs' TILA request was adequate as a matter of law. Dismissal on this argument, at this stage of the case, would not be appropriate.

### 2. *Fannie Mae, as an Assignee Of The Mortgage, Cannot Be Liable Either Directly or Vicariously.*

■ "Any creditor who fails to comply with ... [15 U.S.C. § 1641(f) ] with re-

spect to any person is liable to such person." 15 U.S.C. § 1640(a). "Any civil action for a violation of [15 U.S.C. § 1641] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). "[A] violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this subchapter." *Id.*

The Plaintiffs assert, under an agency theory of liability, that Fannie Mae is responsible for Seterus's violation of Section 1641(f)(2). An agency theory of liability is necessary because although Section 1641(f)(2) imposes an obligation upon servicers, there is no corresponding language creating a private cause of action against a servicer for violating this Section. A private cause of action only exists against a creditor under Section 1640(a), and, to a lesser extent, against an assignee under Section 1641(a).

Fannie Mae argues that it is inappropriate to extend TILA liability under an agency theory. Alternatively, Fannie Mae argues that even if a creditor could be liable for the omissions of its servicer, Fannie Mae cannot be held vicariously liable in this case because it is an assignee. The parties have stipulated that Fannie Mae is an assignee and not a creditor under TILA.[2] (Joint Stip., ECF No. 13; Pls.' Resp. 6, ECF No. 14 ("Plaintiffs will withdraw their allegation that Fannie Mae is a creditor and will instead pursue the claim against Fannie Mae as an assignee.").)

Since Fannie Mae is an assignee, the Court need not reach the question of whether a creditor can be held liable for the omissions of its servicer.[3] Regardless of what exposure a creditor may be subject to, TILA has limited the liability of assignees. An assignee may only be held liable for violations that are apparent on the face of disclosure documents that exist at the time of the assignment. *See* 15 U.S.C. § 1641(a); 15 U.S.C. § 1641(e)(1) (limiting assignee liability to violations that are "apparent on the face of the disclosure statement provided in connection with [the consumer credit transaction].").

The Plaintiffs argue that Fannie May should be liable, even though it is an assignee, because it was the owner of the loan at the time of the alleged violation. (Pls.' Resp. 9, ECF No. 14.) That argu-

---

**2.** TILA defines a creditor as a person who both regularly extends loans and the person to whom the debt is "initially payable." 15 U.S.C. § 1602(g). There is no dispute that the loan at issue was not initially payable to Fannie Mae. (Joint Stip. ¶ 2, ECF No. 13–1.)

**3.** The Court notes there is a majority/minority split of authority, within the Southern District of Florida, on the issue of whether a creditor may be held vicariously liable for the acts and omissions of a servicer. *Compare Khan v. Bank of N.Y. Mellon*, 849 F.Supp.2d 1377, 1382 (S.D.Fla.2012) (Dimitrouleas, J.) (concluding TILA did permit the application of vicarious-liability principals to hold a creditor liable for the acts of a servicer); *Kissinger v.*

*Wells Fargo Bank, N.A.*, 888 F.Supp.2d 1309, 1315 (S.D.Fla.2012) (Marra, J.) (same); *Galeano v. Fed. Home Loan Mortg. Corp.*, No. 12–61174, 2012 WL 3613890 (S.D.Fla. Aug. 21, 2012) (Cohn, J.) (same); *and Montano v. Wells Fargo Bank N.A.*, No. 12–80718, 2012 WL 5233653 (S.D.Fla. Oct. 23, 2012) (Ryskamp, J.) (same) *with Holcomb v. Fed. Home Loan Mortg. Corp.*, No. 10–81186, 2011 WL 5080324 (S.D.Fla. Oct. 26, 2011) (Hurley, J.) (determining that vicarious-liability principals should not be applied to TILA provisions); *and Kievman v. Fed. Nat. Mortg. Ass'n*, 901 F.Supp.2d 1348 (S.D.Fla.2012) (Ungaro, J.) (same).

ment, however, is inconsistent with the plain language of Sections 1641(a) and 1641(e)(1). The first rule of statutory construction is to apply a statute's plain and unambiguous meaning. *Shotz v. City of Plantation.,* 344 F.3d 1161, 1167 (11th Cir. 2003). Here, the TILA provisions are clear that the disclosure documents referred to in Sections 1641(a) and 1641(e)(1) are documents generated in connection with the origination of the loan. Consequently, documents generated after an assignment has occurred cannot form the basis of an assignee's liability under Section 1641.

The TILA violation alleged by the Plaintiffs in this case could not have been apparent on the face of the disclosure documents in existence at the time of the assignment because Seterus's alleged violation of Section 1641(f)(2) occurred after the assignment when Fannie Mae already owned the loan. (*See* Am. Compl., Ex. B., ECF No. 11–2 (identifying Fannie Mae as the owner of the loan).) Under these circumstances, Fannie Mae, *as an assignee,* cannot be liable even if vicarious-liability principals extended culpability from Seterus's alleged wrongdoing. If the statute, as written, creates a loophole through which assignees can avoid liability for failing to comply with TILA disclosures, it is up to Congress, not this Court, to close that loophole.

### III. Conclusion

Having considered the motion, the record, and the relevant legal authorities, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED.** The Amended Complaint is **DISMISSED** with prejudice. The Clerk of the Court shall **CLOSE** this case.