Glenn GALLOWITZ, Plaintiff,

v.

**FEDERAL HOME LOAN MORTGAGE CORPORATION and Wells Fargo Bank, N.A., Defendants.**

**Case No. 13–60291–CIV.**

United States District Court, S.D. Florida.

May 13, 2013.

Yechezkel Rodal, Loan Lawyers, LLC, Plantation, FL, for Plaintiff.

Tenikka Lanai Cunningham, Yoss LLP, Alan Rosenthal, Carlton Fields, P.A., Miami, FL, for Defendants.

### ORDER

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court on Defendants' February 18, 2013 Motion to Dismiss Complaint [DE–5], Defendants' March 17, 2013 Supplemental Authority [DE–8], Plaintiff's March 14, 2013 Response [DE–9], Plaintiff's March 25, 2013 Response [DE–10] and Defendants' March 25, 2013 Reply [DE–11] and being otherwise fully advised in the premises, finds as follows:

■ 1. On January 9, 2012, Wells Fargo responded to an inquiry from Plaintiff's counsel that had been, mailed on December 28, 2011. [DE–1–1, pp. 12]. The response identified Wells Fargo as the servicer of the loan and indicated that the investor was the Federal Home Loan Mortgage Corporation. An address, but no phone number, was given for the investor. Plaintiff was directed to contact Wells Fargo at a direct number should there be any questions. [DE–9–2].

2. On January 2, 2013, Plaintiff filed a complaint in state county court alleging a violation of the Truth in Lending Act. [DE–1–1]. The complaint alleged that Defendants failed to supply the telephone number for the owner or master servicer of the loan.

■ 3. Defendants contend that the January 9, 2012 letter was sufficient to notify Plaintiff that Wells Fargo was the master servicer of the loan. Alternatively, they contend that providing Plaintiff with the owners name and a phone number that the Government (owner) would likely refer them to call, satisfied the statute. There may be situations where the servicer may not have to use the "Magic Words" "master servicer" to satisfy the statute. *Kissinger v. Wells Fargo*, 2013 WL 360027 (S.D.Fla.2013); *Runkle v. FNMA*, 905 F.Supp.2d 1326 (S.D.Fla.2012) *vacated on other grounds*, 2012 WL 6554755 (S.D.Fla. 2012). However, a homeowner should not

have to guess whether the responding servicer is only one of the servicers or whether it is the master servicer. *Signori v. FNMA,* 934 F.Supp.2d 1364, 2013 WL 1278193 (S.D.Fla.2013). TILA does not say that the servicer can give its phone number in lieu of the owner's or master servicer's phone number. TILA does not give the owner the option of avoiding phone calls by suggesting that the servicer tell the homeowner to call the servicer to avoid the run-around. The complaint is sufficiently pled.

4. Defendants cite to Judge Ryskamp's opinion in *Guillaume v. FNMA,* 928 F.Supp.2d 1337, 2013 WL 873814 (S.D.Fla. 2013). This court sympathizes with Judge Ryskamp's apparent frustration over some of the filings in these TILA cases. However, the clear meaning of the statute should control before one attempts to divine congressional intent. If these cases are so clearly contrary to congressional intent, one would think that Congress would attempt to rectify the erroneous judicial interpretations. Congress can be quick to provide private attorney generals to carry out their mandates; they should be equally fastidious in clarifying a statute that has been abused through mis-interpretation. Perhaps, the Eleventh Circuit will take the opportunity to do so.

Wherefore, Defendant's Motion to Dismiss [DE–5] is Denied.